UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRANDON EDWARD GRAVES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:25-cv-00262-RWS |
| | ) |
| BRENDA SHORT, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the application of self-represented Plaintiff Brandon Edward Graves to proceed in district court without prepaying fees and costs. The Court will grant the application and assess an initial partial filing fee of $1.00. Additionally, after initial review of the complaint, the Court will dismiss this action for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action without prepayment of fees and costs is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2).

Plaintiff states that he has been denied his inmate account statements by the Jefferson County Jail. Nevertheless, having reviewed the financial information contained in his application,

the Court will assess an initial partial filing fee of $1.00.  *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997).  If Plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without full payment of the filing fee if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense.  *Id*. at 679.  The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework.  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).  However, even self-represent litigants are required to allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts

that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

### The Complaint and Supplemental Filings[1]

Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging Defendants violated his constitutional rights by not allowing him to report to law enforcement an alleged sexual assault that occurred prior to his arrest and detention at the Jefferson County Jail. Named as Defendants are the following: Brenda Short (Jefferson County Jail, Administrator), Joseph Beil (Pevely Police Officer), Officer Carl Unknown (Jefferson County Sheriff's Department), Officer Cox (Pevely Police Officer), the City of Pevely, and Jefferson County. Plaintiff sues all Defendants in their individual capacities only.

Plaintiff states that on September 28, 2024, prior to his arrest, he was sexually assaulted. Although his allegations are unclear, he states that this sexual assault led to the circumstances surrounding his arrest.[2] When he was questioned by Defendant Officers Beil and Cox, Plaintiff told them that he had been sexually assaulted. He states that the officers ignored this allegation and did not take a police report. Because of this, Plaintiff states the officers ruined his chance of collecting physical evidence of the crime.

On September 30, 2024, Plaintiff transferred from the Pevely City Jail to the Jefferson County Jail where he reported his sexual assault to Officer Carl of the Jefferson County Sheriff's Office. According to his complaint, this report was also ignored. Upon his arrival at the jail, Plaintiff also filed multiple grievances regarding his sexual assault. The Jail Administrator, Brenda

---

[1] Plaintiff mailed his complaint to the Court in separate envelopes on separate days. It is docketed at Docs. 1 and 4. Supplements to the complaint are docketed at Docs. 5 and 7.

[2] Based on a review of Missouri state court's docketing system, Missouri Case.net, on September 28, 2024, Plaintiff was charged with Assault—1st Degree or Attempt, Armed Criminal Action (two counts), Unlawful Use of Weapon, Harassment—2nd Degree, and Resisting/Interfering With Arrest, Detention or Stop. *See State v. Graves*, No. 24JE-CR02727-01 (23rd Jud. Cir.).

Short, removed him from his housing unit to question him regarding the assault. Plaintiff states that Short belittled him in front of two correctional officers, and asked if he had been penetrated. Plaintiff replied that he had. Plaintiff alleges Short called him a liar and refused to contact a detective or investigator. She then placed Plaintiff in a lockdown unit for protective custody, despite Plaintiff telling her he had no enemies or issues with any fellow inmates. Short told Plaintiff that if he continued to abuse the grievance system, she would limit his grievances to one per day.

Plaintiff's allegations regarding the alleged sexual assault are addressed in more detail in a memorandum from Short to Plaintiff dated October 15, 2024, which is attached to the complaint. *See* Doc. [1-1]. Short details an interview she had with Plaintiff. She states that during her interview, Plaintiff's allegations regarding the sexual assault were vague. He stated that he may or may not have been drugged, may or may not have been sexually violated, and he did not know where the sexual assault happened. *Id.* Also, he stated that he may or may not have been involved in a gang rape of a female, and that there may or may not be a video of the sexual assault. *Id.* Short stated that Plaintiff did not immediately contact local authorities after the assault. As such, she stated there was nothing she could do to help Plaintiff. She informed Plaintiff that he could contact the FBI.

Plaintiff states he was injured during the sexual assault, but does not identify any injuries. He states that suffers severe emotional distress, "irreversible emotional repair," and PTSD. Doc. [4] at 3-4. For relief, Plaintiff seeks $5 million from each Defendant.

**Discussion**

Plaintiff brings this action alleging Defendants violated his constitutional right to equal protection, although he does not allege he was treated differently from others similarly situated. *See* Doc. [4] at 4. To the extent he alleges his constitutional rights were violated by Defendants'

failure to take or file a police report, courts have found that private citizens have no constitutional right in filing police reports. For example, the Supreme Court has held that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Other courts addressing the issue of whether inmates have a constitutional right to file a police report have determined that they do not. For example, in *Miller v. Kohls*, an inmate alleged that while he was incarcerated, prison officials denied him the opportunity to file a police report regarding a theft that had occurred at his home. *See Miller v. Kohls*, 2016 WL 51109, *2 (N.D. Ind. Jan. 4, 2016). The court held that private citizens have no constitutional or cognizable interest in filing a police report. *Id.*; *see also Scott v. Logan Cnty. Jail*, 2024 WL 531265, *5 (W.D. Ky. Feb. 9, 2024) (citing cases) (finding no constitutional right to file a police report).

More recently, in *Garrison v. Kitchens*, 2025 WL 371423 (D. Kan. Feb. 3, 2025), an inmate at a county jail alleged that after he was placed in custody, he discovered his car had been stolen. He did not receive a response from the police when he attempted to file a police report. He alleged Eighth and Fourteenth Amendment violations because he was not allowed to file a police report from jail. The District Court found that "a prisoner has no due process right to file a police report, or have prison officials file a police report on his behalf." *Id.* at *1 (citing *Ybarra v. Hayden*, 2018 WL 2086710 at *2 (N.D. Ind. May 3, 2018) and *Yhwhnewbn v. Leak*, 2012 WL 3061848, *1 (N.D. Ill. Jul. 26, 2012) ("However, the Constitution does not require defendants to comply with police department rules or procedures, give plaintiff an enforceable interest in Shannon's arrest or the accuracy of police reports or vest her with the right to obtain a police report.")); *see also Edwards v. City of Fort Worth*, 2022 WL 17812930, *2-3 (N.D. Tex. Nov. 28, 2022) (citing cases); *Lowery v. Ky. Ct. of Justice*, 2018 WL 5892367, *4 (W.D. Ken. Nov. 9, 2018) (finding pretrial detainee had no constitutional right to file a police report for identity theft).

Additionally, courts have held that a police officer's decision not to pursue an investigation into an alleged crime is not a constitutional violation. *See Buari v. City of New York*, 530 F. Supp. 3d 356, 389 (S.D.N.Y. 2021) (collecting cases); *see also Edris v. City of New York*, 2023 WL 4029515, *2 (S.D.N.Y. Jun. 15, 2023) (dismissing § 1983 claim because police's failure to investigate a crime does not rise to a constitutional deprivation).

Because a prison official's refusal to contact authorities or file a police report does not violate the constitution, the Court will dismiss Plaintiff's § 1983 complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepaying fees and costs is **GRANTED**.  Doc. [2]

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial partial filing fee of $1.00 within 30 days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it:  (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** Plaintiff's motion to appoint counsel is **DENIED** as moot. Doc. [3]

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 7th day of August, 2025.

*/s/ Rodney W. Sippel*
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE